# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

MARIA RODRIGUEZ,

      Plaintiff,

v.                                                                    Case No. 6:23-cv-1365-JRK

MARTIN J. O'MALLEY,
Commissioner of Social Security,[1]

      Defendant.
_____/

## O R D E R

This cause is before the Court on Plaintiff's Consent Motion for Attorney's Fees Under the Equal Access to Justice Act ("EAJA"), 28 U.S.C.A. § 2412(d) (Doc. No. 38; "Motion"), filed February 14, 2024. In the Motion, Plaintiff's counsel seeks an award of attorney's fees pursuant to the EAJA in the amount of $7,196.53. Motion at 1, 2, 5. Plaintiff represents that Defendant does not oppose the relief requested. Id. at 1, 5.

Plaintiff's counsel indicates a total of 29.5 hours were expended in the representation of Plaintiff before the Court. Id. at 1, 2. Plaintiff requests an hourly rate of $243.95. Id. at 1, 2. Plaintiff is seeking a higher hourly rate than

---

[1] Mr. O'Malley was sworn in as Commissioner of the Social Security Administration on December 20, 2023. Pursuant to Rule 25(d)(1), Federal Rules of Civil Procedure, Mr. O'Malley should be substituted for Kilolo Kijakazi as Defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

the $125 specified by statute based on the increase in the cost of living since 1996, when the attorney's fee rate was last adjusted by Congress. See 28 U.S.C. § 2412(d)(2)(A) (permitting fee awards at rates higher than $125 per hour upon the Court's determination that cost of living has increased). Having examined the Consumer Price Index and the representations made in the Motion, the Court concludes an increase in inflation does justify a proportionate increase in attorney's fees.[2]

Plaintiff has assigned her rights to any entitlement of attorney's fees due under the EAJA to her counsel. See Motion at 5, Ex. 1 (Plaintiff's Affidavit and Assignment of Fee). Regarding the assignment, Plaintiff represents the following:

> [F]ollowing an order by the Court awarding an EAJA fee to the Plaintiff, Defendant will then, as a courtesy to Plaintiff's attorney, verify whether Plaintiff owes a debt to the United States that is subject to offset. If there is no such debt, payment will be made payable to Plaintiff's attorney. Plaintiff does not object to this policy.

Id. at 5-6.

In light of the foregoing, it is

**ORDERED**:

---

[2] See U.S. Dep't of Labor, Inflation Calculator, http://data.bls.gov/cgi-bin/cpicalc.pl (last visited March 27, 2024). In computing the hourly rate adjustment for the cost of living increase, the Consumer Price Index is generally used for the year in which the services were performed. See Masonry Masters, Inc. v. Nelson, 105 F.3d 708, 710-13 (D.C. Cir. 1997); see also Gates v. Barnhart, No. 5:01-cv-148-GRJ, 2002 WL 1452232, at *3 (M.D. Fla. June 25, 2002) (unpublished).

1. Plaintiff's Consent Motion for Attorney's Fees Under the Equal Access to Justice Act, 28 U.S.C.A. § 2412(d) (Doc. No. 38) is **GRANTED**.

2. The Clerk of Court is directed to enter judgment in favor of Plaintiff and against Defendant for attorney's fees in the amount of $7,196.53 pursuant to 28 U.S.C. § 2412(d).

3. The Commissioner may exercise the discretion to honor Plaintiff's assignment of fees to counsel if the U.S. Department of Treasury determines that Plaintiff does not owe a debt to the U.S. Government.

**DONE AND ORDERED** in Jacksonville, Florida on March 28, 2024.

*James R. Klindt*
JAMES R. KLINDT
United States Magistrate Judge

kaw
Copies:
Counsel of Record

3